IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| ICON HEALTH & FITNESS, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>NAUTILUS, INC.,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT NAUTILUS, INC.'S SHORT FORM DISCOVERY MOTION TO COMPEL PLAINTIFF ICON HEALTH & FITNESS, INC. TO COMPLY WITH THE COURT'S PRIOR ORDER AND PRODUCE DOCUMENTS (ECF NO. 86)**<br><br>Civil No. 1:17-cv-00164-DAK-EJF<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Evelyn J. Furse |

Before the Court is Defendant Nautilus, Inc.'s ("Nautilus") Short Form Discovery Motion to Compel Plaintiff ICON Health & Fitness, Inc. ("ICON") to Comply with the Court's Prior Order and Produce Documents ("Motion") (ECF No. 86). Having reviewed the Motion and ICON's response (ECF No. 96), considered the argument of the parties at the February 12, 2019 hearing (ECF No. 97), and reviewed the engagement letter and supplemental privilege log provided by Nautilus, the Court GRANTS IN PART and DENIES IN PART the Motion as set forth below.

First, Nautilus moves to compel the production of ICON's engagement with Dr. Lankford. ICON argues that the letter is protected by both the attorney-client privilege and work product protection. Per the Court's order at the hearing, Nautilus provided the

1

Court with a copy of the engagement letter, which is in fact an e-mail. Having reviewed the e-mail, the Court finds that the e-mail is not protected by the work product doctrine and that most portions of the e-mail are not protected by the attorney-client privilege. Work product protection does not extend to a potential cease-and-desist letter, which in this case was not even sent, because only a possibility of litigation existed at that time. See Gucci Am., Inc. v. Guess?, Inc., 271 F.R.D. 58, 75 (S.D.N.Y. 2010) (finding that the sending of a cease-and-desist letter signified the "possibility of litigation," which "is insufficient to trigger the protection of the work product doctrine within the scope of Rule 26(b)(3)").

Further, the Court finds that the attorney-client privilege does not protect the majority of the engagement e-mail. Generally, engagement letters are not privileged; however, if legal advice or strategy is conveyed in the letter, those portions of the letter may be privileged. See, e.g., Lucas v. Gold Standard Baking, Inc., No. 13 CV 1524, 2017 WL 3394726, at *2 (N.D. Ill. Aug. 8, 2017) (unpublished) ("Generally, retainer agreements are not protected by attorney-client privilege. [] But if the retainer agreement contains legal advice or strategy, it can be held to include privileged information." (internal citation omitted)). Here, the Court finds that the portions of the e-mail—sent by an ICON employee to Dr. Lankford, an agent of ICON—conveying legal strategy from ICON's in-house counsel, through another ICON employee, are protected by the attorney-client privilege. However, the Court finds the remainder of the e-mail conveying the fact of the engagement is not privileged. Therefore, the Court GRANTS in PART Nautilus's request to compel production of the engagement e-mail and

2

ORDERS ICON to produce a redacted version of the engagement e-mail.  ICON may redact the following portions of the e-mail before production:  (1) in the second line of the e-mail, the remainder of the sentence after "trainer," and (2) the entire sentence contained in the third and fourth lines of the e-mail beginning with "It."

Second, Nautilus moves to compel the production communications relating to compliance with a Federal Trade Commission ("FTC") Order.  ICON argues that the documents at issue are protected by the attorney-client privilege and work product doctrine.  The Court ordered Nautilus to produce a revised privilege log with respect to the documents at issue.  Having reviewed the revised privilege log, the Court finds that the documents at issue are not subject to the work product protection, but are protected by the attorney-client privilege.  The Court construes the FTC consent order as a contract; it does not constitute ongoing litigation.  See United States v. ITT Cont'l Baking Co., 420 U.S. 223, 236 (1975) (indicating that "consent decrees and orders . . . should be construed basically as contracts").  Therefore, such documents are not subject to work product protection.  However, the Court finds that the documents are subject to the attorney-client privilege.  The revised privileged log, which the Court finds sufficiently detailed, indicates that documents at issue reflect communications between ICON's in-house counsel and an agent made for the purposes of seeking, obtaining, and/or rendering legal opinions on compliance with the FTC Order.  Thus, these documents are protected by the attorney-client privilege.  See, e.g., CoStar Grp., Inc. v. Xceligent, Inc., No. 4:16-CV-01288-FJG, 2017 WL 5957774, at *3 (W.D. Mo. Sept. 11, 2017) (unpublished) (noting that "communications about the FTC Order and compliance with

3

the FTC order involved [plaintiff's] legal department," and are therefore "protected by the attorney-client privilege"). Accordingly, the Court DENIES Nautilus's request to compel the production of these documents.

**ORDER**

1.    For the reasons stated above, the Court GRANTS IN PART and DENIES IN PART Nautilus's Motion.

2.    The Court GRANTS IN PART Nautilus's request to compel production of the engagement e-mail.  ICON should produce a redacted version of the e-mail within seven (7) days of the date of this Order.  As set forth above, ICON may redact the following portions of the e-mail before production:  (1) in the second line of the e-mail, the remainder of the sentence after "trainer," and (2) the entire sentence contained in the third and fourth lines of the e-mail beginning with "It."

3.    The Court DENIES the remainder of Nautilus's Motion, including the request to conduct an in camera review of the documents at issue, other than the engagement e-mail which the Court has already reviewed.

DATED this 25th day of February, 2019.

                      BY THE COURT:

                      EVELYN J. FURSE
                      United States Magistrate Judge